**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BROCK PICKLESIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| vs. ) | No. _____ |
| ) | |
| THE BAKING GROUNDS, LLC, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff Brock Picklesimer files this Complaint against The Baking Grounds, LLC, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees. Plaintiff alleges as follows:

**THE PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff Picklesimer is a citizen and resident of Atlanta, Georgia.

2. Defendant The Baking Grounds, LLC ("Baking Grounds" or "Defendant") is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 4850 Golden Pkwy, Suite 152 B, Buford, GA 30518.

3. Defendant's registered agent for service of process is Malinda G.

McCaslin, 4850 Golden Pkwy, Suite 152 B, Buford, GA 30518.

4. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391.

6. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## FACTS

7. Plaintiff worked for Defendant in this district and division as a sous-chef and was denied earned wages and overtime.

8. The relevant time period is approximately January 2020 through June 2020.

9. Plaintiff was hired by and began employment with Defendant in January of 2020.

10. At all times throughout the relevant period, Plaintiff was an "employee" of Defendant and covered under the FLSA.

11. At all times during the relevant period, Defendant was the "employer" of Plaintiff under the FLSA.

12. At all times during the relevant period, Defendant had multiple

-2-

employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13. At all times during the relevant period, Defendant was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

14. Plaintiff was denied earned wages by Defendant while working at the Restaurant.

15. At all times during the relevant period, Plaintiff was a non-exempt worker for Defendant.

16. Plaintiff was employed as a sous-chef at Defendant's restaurant located at 4360 S. Lee St., Buford, GA 30518 (the "Restaurant").

17. In performing his job duties for Defendant, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

18. In performing his job duties for Defendant, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

19. In performing his job duties for Defendant, Plaintiff did not exercise

any discretion or independent judgment with regard to matters of significance.

20. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

21. At all times during the relevant period, Plaintiff was promised between $14.00 and $15.00 per hour for each hour worked.

22. While Plaintiff's schedule varied, Plaintiff routinely worked in excess of 40 hours per workweek.

23. At all relevant times, Defendant's policy and practice was to not compensate employees, including Plaintiff, for all hours worked.

24. Defendant's policy and practice was to round down or reduce the hours worked for all employees, including Plaintiff, for payroll purposes.

25. Defendant's policy and practice was to deny employees, including Plaintiff, overtime compensation for hours worked in excess of 40 hours per workweek.

26. Defendant willfully refused to pay Plaintiff properly for overtime compensation as required by federal law.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

27. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

28. At all times during the relevant period, Defendant was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29. At all times during the relevant period, Defendant employed Plaintiff within the meaning of the FLSA.

30. At all times during the relevant period, Defendant had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

31. As a result of Defendant's willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek, Defendant violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

32. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Due to Defendant's FLSA violations, Plaintiff was damaged and is

entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff;

D. Injunctive relief requiring Defendant to properly classify Plaintiff as non-exempt under the FLSA and pay him in accordance with the FLSA going forward;

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 28, 2020,

        **HALL & LAMPROS, LLP**

        */s/ Brittany A. Barto*
        Gordon Van Remmen
        Ga. Bar #215512
        Brittany A. Barto
        Ga. Bar #501673

400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.